**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Steven Eric Winger,<br><br>Debtor. | Case No. 24-13056 MER<br><br>Chapter 7 |
| Region 8 Enviro, LLC and Michael Helm,<br><br>Plaintiffs<br><br>v.<br><br>Steven Eric Winger,<br><br>Defendant | Adv. Proceeding No. 24-1231 |

**ORDER DENYING MOTION TO RECONSIDER**

THIS MATTER comes before the Court on the Motion to Reconsider ("**Motion to Reconsider**") filed by Plaintiffs Region 8 Enviro, LLC and Michael Helm and the response filed by the Debtor-Defendant, Steven Winger.[1]

**BACKGROUND**

The Plaintiffs initiated this adversary proceeding on October 7, 2024.  Winger filed an answer on April 1, 2025.[2]  The Court ordered Winger to file an amended answer on or before July 31, 2025, failing which the clerk would enter default.  Winger did not file an amended answer, but instead filed copies of various correspondence.[3]  The clerk entered default on August 5, 2025.[4]  Plaintiffs filed a Motion for Entry of Judgment by Default on August 26, 2025 ("**First Default Judgment Motion**"), to which Winger objected.[5]  At a hearing on November 4, 2026, the Court identified several deficiencies in the First Default Judgment Motion and ordered the Plaintiffs to supplement the

---

[1] ECF Nos. 77, 79.

[2] ECF No. 18.

[3] ECF No. 38.

[4] ECF No. 40.

[5] ECF Nos. 45, 49.

record.  The Plaintiffs failed to do so, and the Court denied the First Default Judgment Motion on April 14, 2026.[6]

Winger filed a Motion to Set Aside Default on May 11, 2026.[7]  The Plaintiffs did not timely respond to Winger's Motion and instead filed a second Motion for Entry of Judgment by Default ("**Second Default Judgment Motion**").[8]  On May 27, 2026, the Court entered an order setting aside the entry of default ("**May 27 Order**") as well as an order denying the Second Default Judgment Motion.[9]  In their Motion to Reconsider, the Plaintiffs ask the Court to reconsider the May 27 Order.

## DISCUSSION

Because the Plaintiffs filed their Motion to Reconsider within fourteen days of entry of the May 27 Order, it is governed by Fed. R. Civ. P. 59, made applicable to this contested matter by Fed. R. Bankr. P. 9023.[10]  This rule requires the movant to set forth a factual and legal basis warranting reconsideration. Grounds for such a motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[11]  Thus, relief under Rule 59 is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[12]  Motions to reconsider under Rule 59 are regarded with disfavor.[13]

The Plaintiffs argue the Court erred in setting aside the default because they believe they responded to Winger's Motion to Set Aside Default in a timely manner. Winger actually filed two such motions—one on May 11 and one on May 13.[14]  Pursuant to L.B.R. 7007-1, a response to Winger's May 11 Motion was due by May 25.[15]  The Plaintiffs did not file a response by that deadline, and the Court thereafter entered its May 27 Order.  It was only after the entry of the May 27 Order that Plaintiffs filed a

---

[6] ECF No. 58.

[7] ECF No. 62.

[8] ECF No. 64.

[9] ECF Nos. 70, 71.

[10] *In re Onyeabor*, 2015 WL 1726692, at *4 (10th Cir. BAP Apr. 15, 2015) ("Ordinarily, if a motion to reconsider is filed within Rule 9023's time limitation, it is treated as a Rule 59(e) motion; if it is filed more than fourteen days after entry of judgment, it is treated as a motion under Rule 60(b).").

[11] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[12] *Id*.

[13] *Kerber v. Qwest Group Life Ins. Plan*, 727 F.Supp.2d 1076, 1077 (D. Colo. 2010).

[14] ECF Nos. 62, 68.

[15] Nothing in Fed. R. Civ. P. 55, Fed. R. Bankr. P. 7055 or L.B.R. 7055-1 requires a motion to set aside entry of default be sent out on notice.  Thus, Debtor was not required to file a notice under L.B.R. 9013-1 along with either his May 11 or May 13 motions.  Instead, the default rule of a fourteen-day response period in L.B.R. 7007-1 applied.

response.[16]   Thus, the Court finds no error in its conclusion that Plaintiffs failed to file a timely response to Winger's May 11 Motion to Set Aside Default.

Next, Plaintiffs contend there were insufficient grounds to set aside the entry of default under Fed. R. Civ. P. 55(c).  That Rule provides that entry of default may be set aside "for good cause shown."[17]   The decision to set aside entry of default lies within this Court's discretion.  The good cause required under Rule 55(c) "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."[18]   Good cause is a fairly liberal standard because "the preferred disposition of any case is upon its merits and not by default judgment."[19]

To determine whether to vacate the clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense.[20]   "A court need not consider all of the factors, and may consider other factors as well."[21]   Here, these factors support the Court's May 27 Order.

### 1.    Culpable Conduct

"Generally, a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default."[22]   A late filing, without more, does not make a party's conduct willful for purposes of Rule 55(c).[23]   In this case, Winger did ask for several extensions to respond to Plaintiffs' Complaint, which the Court granted. After those extensions expired, Winger ultimately filed an Answer, which was timely.[24] The Answer did not fully comply with the requirements of Fed. R. Civ. P. 8 in that Winger filed what appears to be a copy of the Plaintiffs' Complaint to which Winger added commentary or explanations after certain paragraphs.  Winger did not specifically admit or deny the allegations asserted against him by Plaintiffs, as required by Rule 8(b).[25]

---

[16] ECF No. 72.

[17] Fed. R. Civ. P. 55(c), made applicable by Fed. R. Bankr. P. 7055.

[18] *Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

[19] *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970); *see Katzson Bros., Inc. v. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that courts disfavor default judgment).

[20] *Gilmore v. Carlson*, 72 Fed. App'x 798, 801 (10th Cir. Aug.8, 2003).

[21] *Guttman v. Silverberg*, 167 Fed. App'x 1, 4 (10th Cir. Dec.19, 2005).

[22] *U.S. v. Timbers Preserve, Routt Cnty., Colo.*, 999 F.2d 452, 455 (10th Cir. 1993).

[23] *AmAir, Inc. v. Gapex Aviation SP. Z O.O.*, 2016 WL 9735732, at *3 (D. Colo. Nov. 16, 2016).

[24] ECF No. 18.

[25] Fed. R. Civ. P. 8(b)(1), made applicable to this proceeding by Fed. R. Bankr. P. 7008 ("In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party.").

Nor did Winger make a general denial of all the allegations.[26]  At a hearing held on July 14, 2025, the Court instructed Winger to file a legally sufficient amended answer, failing which default would enter.  Winger did not amend his Answer and instead filed a copy of a letter and complaint he filed against the Plaintiffs with the Department of Justice.

Because Winger is a pro se litigant, the Court must liberally construe his filings.[27]  Although his Answer and letter do not strictly comply with Rule 8, those documents nevertheless make clear that Winger believes the Plaintiffs committed fraud, not the other way around, as alleged by Plaintiffs.  While Winger does not explicitly deny all of the Plaintiffs' allegations, it is apparent to the Court that Winger denies committing the fraud alleged in Plaintiffs' Complaint.  The Court believes the deficiencies in Winger's Answer are due to his lack of knowledge about the requirements of Rule 8 and not a willful attempt to ignore Court orders.  The Court does not believe Winger engaged in willful default or a flagrant disregard for the authority of the court."[28]  Thus, this factor weighs in favor of setting aside the default.

### 2.   Prejudice

Prejudice requires "more than mere delay" or an increase in litigation costs.[29]  The prejudice must be concrete, "such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."[30]  Here, the Plaintiffs attempt to fit within this definition by alleging that this is a fact-intensive case and witnesses' memories have already begun to fade.  However, merely asserting this conclusion without more does not show prejudice.  This Court routinely deals with "fact-intensive" nondischargeability allegations based on a debtor's alleged fraud.   Obviously, the witness with the most relevant information is Winger and he seeks to participate in this case.  Fading memories, without more, does not equate to prejudice.  The Plaintiffs' complaints about added costs and delay are not sufficient grounds to establish prejudice.  Any further attempts by Winger to delay will be strictly controlled by the Court.  The Court finds this factor to be neutral.

### 3.   Meritorious Defense

When determining the existence of a meritorious defense in the Rule 55(c) context, "the underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the

---

[26] Fed. R. Civ. P. 8(b)(3) ("A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.").

[27] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[28] *Pharmatech Oncology, Inc. v. Tamir Biotechnology, Inc.*, 2011 WL 4550202, at *9 (D. Colo. Oct. 3, 2011).

[29] *AmAir, Inc.*, 2016 WL 9735732, at *3.

[30] *Pharmatech Oncology*, 2011 WL 4550202 at *10 (citing *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 785 (8th Cir.1998)).

default."[31]   In this case, the Court believes Winger may have some meritorious defenses to the Plaintiffs' claims—including that he lacked the requisite intent for each claim under § 727 and § 523.  At a hearing on Plaintiffs' First Default Judgment Motion, the Court also noted apparent deficiencies in the Plaintiffs' claims, including that much of the alleged conduct was committed by corporations owned by Winger, rather than by Winger individually.  It is unclear to the Court at this juncture that Plaintiffs can establish that the corporations were alter egos of Winger.  Furthermore, Plaintiffs' § 523(a)(4) claim is based on allegations that Winger breached a fiduciary duty owed to Plaintiffs, but Plaintiffs have not yet identified a sufficient express or technical trust to support such a claim.[32]  This is not to say the Court believes Winger will prevail or even that such an outcome is likely.  However, the Court finds the better course of action in this case is to hear the merits of the Plaintiffs' claims as well as Winger's defenses thereto.

Accordingly, the Court concludes the factors support setting aside the entry of default for good cause.  The Plaintiffs have not presented sufficient grounds for reconsideration of the May 27 Order.  The Plaintiffs' Motion to Reconsider is therefore DENIED.

Dated: July 15, 2026.

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[31] *AmAir, Inc.*, 2016 WL 9735732, at *3 (quoting *Resolution Trust Corp. v. Colo. 126 P'ship*, 746 F. Supp. 35, 26 (D. Colo. 1990)).

[32] *See Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371-72 (10th Cir.1996) ("Thus, an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4)"); *Holaday v. Seay (In re Seay)*, 215 B.R. 780, 788 (10th Cir. BAP 1997) (holding that the partners in a common law partnership or joint venture are not fiduciaries within the meaning of this nondischargeability statute).